UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KENNETH JANESKI,

                        Plaintiff,

     - against -

NEW NICKELODEON ANIMATION STUDIOS, INC.,
and VIACOM INTERNATIONAL INC.

                        Defendants.
-----------------------------------------------------------------------X

Case No.:

**COMPLAINT**
ECF ACTION

       Plaintiff Kenneth Janeski ("Janeski" or the "Plaintiff"), by his attorneys Dealy Silberstein & Braverman, LLP, complaining of Defendants New Nickelodeon Animation Studios, Inc. ("NNASI"), a wholly owned subsidiary of Viacom International, Inc. ("Viacom")(collectively "Defendants"), hereby alleges as follows:

### NATURE OF ACTION

1. This is a civil action brought by Plaintiff to recover, *inter alia*, monies owed in connection with NNASI's breach of Janeski's Work For Hire Services Agreement for Personnel (the "Contract").

### JURISDICTION AND VENUE

2. Federal diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332 because Janeski is a resident of a different state from NNASI and Viacom and because the value of the matter in controversy exceeds $75,000 exclusive of interest and costs.

3. Janeski and NNASI entered into the Contract and agreed to the exclusive jurisdiction and venue of the state and federal courts of New York County, New York.

## THE PARTIES

4.  Janeski is an individual and is now, and all relevant times was, a resident of California.

5.  NNASI is a wholly owned subsidiary of Viacom.  NNASI and Viacom are Delaware corporations with principal places of business located at 1515 Broadway, New York, New York 10036.

## FACTUAL ALLEGATIONS

6.  In or around October 2007, Janeski began working for NNASI.

7.  Janeski was employed by NNASI in various capacities from 2008 through March 8, 2016.

8.  Beginning on January 6, 2014, Janeski was employed by NNASI pursuant to the Contract, which was later extended by letter dated December 18, 2015 for a Second Option Period (copies of which are collectively annexed hereto as Exhibit A).

9.  Janeski was employed as a Digital Animation Supervisor for the Second Option Period from "January 6, 2016 through and include[sic] January 5, 2017."

10. Janeski's salary under the Contract was Two Thousand Five Hundred and Eight Dollars and 18/100 ($2,508.18) per week.

11. At all times, Janeski performed all of his duties in accordance with the Contract.

12. On March 8, 2016, Janeski was summarily discharged.

13. Specifically, on that date, Janeski was summoned to Human Resources ("HR").

14. When Janeski arrived at HR, HR explained that a coworker, Andrew Harvey ("Harvey"), had reported to HR that Janeski had allegedly made a derogatory comment to him.

15. Janeski vehemently denied making the alleged derogatory comment.

16. At that time, NNASI informed Janeski that NNASI had conducted an investigation and made the decision to terminate him.

17. NNASI conceded to Janeski that no one overheard this alleged derogatory comment.

18. Unbelievably, NNASI failed to even interview Janeski as part of its alleged "investigation" prior to terminating him.

19. Janeski was informed that he was being terminated effective immediately and would not be paid for the remainder of the Contract.

20. Section 12(b) of the Contract provides as follows regarding Termination by NNASI:

> Without limitation to Company's termination right set forth in Paragraph 4 above, Company shall have the right to terminate this Agreement in the event of your default, disability or by reason of force majeure, or in the event that you fail to meet the minimum standards of Viacom Media Networks'(a division of Viacom International Inc.) employment policy in connection with the employment background screening process (collectively, "for Cause"), as follows: (i) if you are in default under this Agreement, then in addition to all other rights Company may have at law, in equity or otherwise, Company shall have the right, at Company's election, to terminate this Agreement either during the continuance of such default or within a reasonable time thereafter (whether or not the Company has first suspended you); (ii) in the event of your disability, Company shall have the right, at the Company's election, to terminate this Agreement at any time after the continuance of such disability for three (3) consecutive business days or for an aggregate of five (5) business days during any production period (except that this Agreement shall terminate automatically and immediately upon your death); and (iii) in the event that any period of force majeure continues for more than two (2) weeks, Company shall have the right, at Company's election, to terminate this Agreement.

21. The relevant portion of Section 12(d) of the Contract provides as follows regarding the Effect of Termination:

> If you are engaged hereunder on a pay-or-play basis and if you are terminated for any reason other than for Cause ("Pay-or-Play Termination"), Company shall pay you any unpaid portion of the guaranteed fixed compensation and vested contingent compensation as set forth hereunder in connection with option(s) exercised prior to the date of

termination ("Unpaid Pay-or-Play Compensation"), and Company's obligation to accord you credit (if any) pursuant to Paragraph 9 above (and subject to the terms thereof) shall survive termination of this Agreement.

22. Pursuant to the express terms of the Contract, NNASI could terminate Janeski's employment at any time "for Cause."

23. Under Section 12(b) of the Contract, "for Cause" is defined as:

default, disability or by reason of force majeure, or in the event that [he] failed to meet the minimum standards of Viacom Media Networks' (a division of Viacom International Inc.) employment policy in connection with the employment background screening process.

24. Janeski did not make the comment that Harvey and NNASI alleged he made.

25. Further, NNASI's reason for terminating Janeski, *i.e.* the alleged derogatory comment, does not constitute "for Cause" under the Contract.

26. NNASI is attempting to manufacture cause when none exists in order to relieve NNASI of its obligations under the Contract.

27. Under the Contract, if NNASI terminated Janeski for any reason other than "for Cause", he is entitled to the remaining portion of the Contract pursuant to the Pay-or-Play Termination.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

28. Janeski repeats and realleges the allegations contained in Paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29. NNASI entered into the Contract with Janeski.

30. The Contract is a valid and binding agreement between Janeski and NNASI.

31. Janeski fully performed his obligations under the Contract.

32. NNASI terminated Janeski without cause and has failed to pay him for the remaining portion of the Contract.

33. Janeski has been damaged as a result of NNASI's breach of the Contract.

34. By reason of the foregoing, because NNASI terminated the Contract without cause, Janeski is entitled to full pay and benefits for the remaining portion of the Contract, *to wit*, nine (9) months and twenty-two (22) days, equaling approximately $96,051.56.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

35. Janeski repeats and realleges every allegation contained in Paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36. The Contract between NNASI and Janeski, like all contracts, includes an implied covenant of good faith and fair dealing.

37. By entering into the Contract, Janeski placed trust and confidence in NNASI to deal with Janeski fairly and in good faith.

38. NNASI was aware of and accepted said trust and confidence at the time it entered into the Contract with Janeski.

39. By entering into the Contract with Janeski, NNASI impliedly covenanted that it would deal with Janeski fairly and in good faith, and would not deprive Janeski of the benefits under the Contract.

40. Janeski fully performed his obligations under the Contract.

41. By the acts and conduct described herein, including terminating the Contract without cause on March 8, 2016, NNASI violated the implied covenant of good faith and fair dealing.

42. Janeski has been damaged as a result of NNASI's breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Janeski prays that the Court award the following relief:

    A.  Enter judgment in his favor on Counts I and II;

    B.  Attorneys' fees, expenses and costs; and

    C.  Such further relief as the Court may deem just and proper.

Dated: New York, New York
       May 10, 2016

                          DEALY SILBERSTEIN
                          & BRAVERMAN, LLP

                          By: _____
                              Milo Silberstein
                         *Attorneys for Plaintiff Kenneth*
                         *Janeski*
                         225 Broadway, Suite 1405
                         New York, New York 10007
                         (212) 385-0066